**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**JACKSON DIVISION**

STEVE JOEL MILLER                                                                                     PLAINTIFF

VS.                                             CIVIL ACTION NO. 3:09cv743-LRA

CHRISTOPHER EPPS, ET AL                                    DEFENDANTS

## MEMORANDUM OPINION AND ORDER

      The Court has attempted to set this cause for trial, but Plaintiff has not responded to requests for information from the Court regarding the setting. Plaintiff notified the Court on February 14, 2011, that his new address was Elayn Hunt Correctional Center, Beaver-1-D-Tier Cell #1, P. O. Box 174, St. Gaberial, LA 70776. Personnel from the Court have been unable to contact him at that address. An Order to Show Cause [ECF No. 32] was entered on September 21, 2011, directing Plaintiff to give a current address and telephone number and to inform the Court as to whether or not he wishes to proceed in prosecuting his claims. He was directed to respond on or before October 11, 2011. The Order was not returned as undeliverable, and the Court must assume that he received the Order.

      Plaintiff has failed to respond to the Court's Order. The Court has considered this case for dismissal *sua sponte* pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. Having been transferred to Louisiana, Miller must no longer be interested in pursuing this case. The Court finds that this case should be dismissed *sua sponte* without prejudice due to Miller's failure to prosecute his case by not informing the Court of a valid address or maintaining contact with the Court or complying with the September 21, 2011, Order.

      This Court has the authority to dismiss an action for failure of a Plaintiff to prosecute or to comply with any order of the court both under FED. R. CIV. P. 41(b) and under its inherent authority. *See McCullough v. Lynaugh*, 835 F.2d 1126 (5th Cir. 1988)*; Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-631 (1962).

The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases.  Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the court.  *Link*, 370 U.S. at 630.  The actions of Miller also prejudice the rights of Defendants to promptly and fully defend the claims made against them.

IT IS, THEREFORE, ORDERED that the Complaint is dismissed without prejudice.  Final Judgment shall be entered on this date.

SO ORDERED, this the 9th day of November, 2011.

/s/ Linda R. Anderson
UNITED STATES MAGISTRATE JUDGE